UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC D.R., | Case No.: 1:13-cv-01060-BAM (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE |
| v. | (ECF No. 1) |
| JEFFREY A. BEARD, | |
| Respondent. | |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented by David Mugridge, Esq.

Petitioner filed the instant petition for writ of habeas corpus on July 10, 2013, along with a motion to stay the petition while he exhausts two unexhausted claims in state court.

**I.**

**DISCUSSION**

There are two different procedures to hold a petition in abeyance in federal court. In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition. The Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the

1

petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. The Ninth Circuit has held that the Rhines "good cause" standard does not require a petitioner to show that "extraordinary circumstances" prohibited him from exhausting his claims. See Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005).

A petition may also be stayed pursuant to the procedure set forth by the Ninth Circuit in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). However, the amendment is only allowed if the additional claims are timely. Id. at 1140-41.

Petitioner seeks relief under Rhines. Petitioner raises the following five claims in the instant petition: 1) petitioner's admission to the charges against him was not freely and voluntarily given; 2) the trial court failed to advise petitioner that he would have to register for life as a sex offender in violation of his due process rights; 3) petitioner's 75-years-to-life sentence constitutes cruel and unusual punishment; 4) ineffective assistance of trial counsel because counsel advised petitioner that his admission and plea would result in commitment to a group home; and 5) the trial court failed to exercise its discretion in rendering petitioner's sentence. Petitioner indicates the latter two claims are unexhausted.

In an effort to demonstrate good cause for the failure to exhaust claims four and five, counsel states:

> Here, habeas counsel has conducted a preliminary investigation to determine whether a petition for writ of habeas corpus would be meritorious. Based upon the preliminary investigation, habeas counsel determined that claims of ineffective assistance of counsel could be meritorious and is in the process of conducting a more thorough investigation. To date, the investigation has exposed incidents of ineffectiveness of trial counsel in advising his client and in his procedural roles, reversible error by the trial court, and false misrepresentation by prosecution.

(Pet. at 23.)

In this instance, Petitioner has failed to provide a description of the process of investigating and identifying possible issues involving effectiveness of counsel or other trial error.  Further, Petitioner fails to provide any facts as to why the unexhausted claims could not be brought in the first instance to potentially prevent untimely filing here.  If a mere allegation of ineffective assistance of counsel and the need to conduct investigation constituted good cause, stay and abey orders would be routine, in contravention of the Ninth Circuit's guidance in Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (to accept a broad interpretation of "good cause" would render stays of mixed petitions routine undermining the goals of the AEDPA.).  Absent a showing of good cause, Petitioner has failed to meet his burden for a stay under Rhines, and the motion must be denied.

## II.
## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that Petitioner's motion for stay and abeyance is DENIED.

IT IS SO ORDERED.

Dated:   **August 20, 2013**                    /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE